IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| OLIVER J. D,<br><br>       Plaintiff,<br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER<br><br>Case No. 1:19-cv-24 DBP<br><br>Magistrate Judge Dustin B. Pead |

  Before the court is Oliver J. D.'s (Plaintiff's) appeal of the Commissioner's final decision denying his application for a period of disability and disability insurance benefits.[1] After reviewing the parties' memoranda and relevant case law, the court finds the ALJ's decision is supported by substantial evidence and free from harmful legal error. Therefore, discerning no reversible error, the court affirms the decision of the Commissioner.

## BACKGROUND

  Mr. D,[2] filed for benefits alleging disability beginning April 15, 2008, due to a myriad of issues including problems with his shoulders, lower back and right knee, depression, anxiety, and keratoconus.[3] (Tr. 250-51).[4] Plaintiff's last insured date is March 31, 2014. Under the regulations Plaintiff must establish disability on or before that date to get benefits. *See* 20 C.F.R. § 404.101(a), 20 C.F.R. § 404.1512(a). To establish disability, Mr. D must show that he has an

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C § 636(c). (ECF No. 26.)

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[3] Keratoconus is a thinning or bulging of the cornea into a cone shape that causes vision problems.

[4] Tr. refers to the transcript of the administrative record before the court.

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …." 42 U.S.C. § 423(d).

Following an initial denial of benefits, Plaintiff requested and received a hearing before an administrative law judge (ALJ). After the hearing, the ALJ rendered a decision according to the five-step sequential evaluation process. *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability). At step two, the ALJ found that Mr. D had the severe impairments of impingement syndrome in his right shoulder, status post two decompression surgeries to his right shoulder, LASIK-induced keratoconus, depression, anxiety, and insomnia. (Tr. 18). After finding Mr. D's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526), the ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work with certain additional restrictions.[5] Plaintiff's prior work experience includes work as a truck driver. He was unable to return to his past relevant work. At step five, however, the ALJ found Plaintiff could perform other jobs such as ticket seller, parking lot attendant, and office helper that existed in significant numbers in the national economy. So, he was not disabled under the regulations.

The Appeals Council then denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003).

---

[5] These additional restrictions include: "he could occasionally climb ladders, ropes or scaffolds. He could frequently stoop or crouch. He could occasionally reach overhead with his right upper extremity. He had to be able to alternate between sitting and standing as needed. He could frequently perform tasks that involved near and far visual acuity. He was able to understand, remember and carry out simple, routine, and repetitive tasks. He was able to interact with coworkers, supervisors, or the public on a frequent basis. He had the ability to adapt to routine workplace changes." Tr. 23.

Mr. D seeks review of the Commissioner's decision and raises a number of issues on appeal that are addressed below.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## ANALYSIS

Plaintiff raises a number of arguments on appeal asserting: 1) that he cannot work; 2) that he has a severe impairment; 3) that his impairments meet or equal a listed impairment in the Appendix; 4) that his impairments prevent him from doing past relevant work; and 5) that his impairments prevent him from doing any other work. These arguments appear to be copied

nearly verbatim from Plaintiff's counsel's Appeals Council brief and are undermined by the record.[6] Some arguments lack citations to any authority and others are undeveloped.

Plaintiff first argues he cannot work. (ECF No. 25 p. 11.) In support he offers a single paragraph noting his symptoms, the fact that he has not worked in any substantial gainful activity since 2009, when he worked for FedEx, and that his ailments have rendered him incapable of performing his job or any other occupation. A brief synopsis of Plaintiff's claims without citations to the record or any authority does little to persuade the court that the ALJ erred.

Plaintiff's second argument, that he has a severe impairment and presumably therefore this case must be remanded or reversed, is likewise easily dispatched. The ALJ found Plaintiff has a number of severe impairments and therefore could not be denied benefits at step two. (Tr. 17-20). Thus, even if there was some error committed by the ALJ at this step, a fact that is undiscernible from the single sentence offered in support of this argument, (ECF No. 25 p. 12.), such error became harmless when the ALJ proceeded to the next step of the evaluation process. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (noting that "any error [at step two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence").

On his third argument, Plaintiff cites to listed impairments including 2.02 Loss of Visual Acuity, 2.02 Asthma, 12.06 Anxiety Related Disorders, 12.08 Personality and impulsive-control disorders, and 1.02 Musculoskeletal skeletal disorders. Plaintiff argues the ALJ erred in finding he did not meet one or more of these Listings. The Listings are a description of a variety of

---

[6] This is further supported by misplaced paragraphs in Plaintiff's brief and where in closing, he "respectfully urges the Appeals Council to reverse the decision of the ALJ and award him benefits for the insured period" (ECF No. 25 p. 25-26), instead of asking this court to reverse the decision of the ALJ.

4

physical and mental illnesses categorized by the body system they affect. *See* 20 CFR pt. 404, subpt. P, App. 1 (pt. A). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see also* Social Security Ruling (SSR) 83-19 Dept. of Health and Human Services Rulings 90 (Jan.1983) ("An impairment 'meets' a listed condition ... only when it manifests the specific findings described in the set of medical criteria for that listed impairment.").

Here, the ALJ specifically considered Listings related to Plaintiff's shoulder impingement syndrome and LASIK-induced keratoconus and found he did not meet the requirements of the Listings. The ALJ also noted Plaintiff's symptoms of depression, anxiety, depressed mood, insomnia, fatigue, thoughts of death, worry and "occasional episodes of panic." (Tr. 22). Ultimately, Plaintiff's mental impairments were found to not cause two marked limitations or one extreme limitation during the relevant period. And thus, a mental impairment Listing was not met.

Plaintiff asserts he "certainly meets the listing for depressive disorder and anxiety disorder … and the 2.02 Loss of Visual Acuity criteria … should, but fails to, capture someone with Plaintiff's conditions." (ECF No. 25 p. 16.). The court is not persuaded. First, this court is not in a position to change the medical criteria for Visual Acuity to capture someone with Plaintiff's ailments. The court is bound by the medical requirements set forth in the Listings.

Second, as noted in the regulations, an ALJ "must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing." SSR 17-2P, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017). If an ALJ adequately articulates the reasons "why the individual is or is not disabled at a later step in the sequential evaluation process" it may

"provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." *Id.* The court finds the ALJ met these standards and Plaintiff has failed to point to specific evidence that meets all of the specified medical criteria. Plaintiff's argument that the evidence should be interpreted in a different manner than that weighed by the ALJ is not enough. When the record contains support for both extreme difficulties and limitations that are not severe, the ALJ is "entitled to resolve such evidentiary conflicts …." *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016). During the RFC determination and at later steps in the evaluation process, the ALJ thoroughly considered the medical evidence and made appropriate determinations. (Tr. 23-38). The court therefore finds no error at step three.

Plaintiff next asserts his "impairments prevent his [sic] from doing past relevant work." (ECF No. 25 p. 18.) The ALJ agreed with this position and found Plaintiff was unable to perform any of his past relevant work. (Tr. 38). Thus, this is not a basis to remand.

Finally, Plaintiff argues his impairments prevent him from doing any other work. In essence, this is a step five error argument. At first glance, this argument appears to have some appeal based on an apparent error in the ALJ's third hypothetical to the Vocational Expert (VE). The ALJ presented a series of three hypotheticals to the VE. After completing the three hypotheticals the following exchange occurred between the ALJ and the VE:

> Q: And forgive me if I –I guess it's late in the day, but in this hypothetical I don't recall did I repeat that it has that same near acuity and far acuity limitation that I previously provided?
> A: You didn't but – you didn't, but that doesn't change my answer –
> Q: Okay.
> A: -- nor the – nor the reductions.
> Q: I had intended to add it, but I apologize. But it doesn't change your answer. Is that correct?
> A: No.

6

(Tr. 95-96). At step two the ALJ found Plaintiff had the severe impairment of "LASIK-induced keratoconus." (Tr. 18). In the first hypothetical the ALJ set forth an individual who can "frequently perform tasks involving near acuity and far acuity." (Tr. 93). The second hypothetical also involved near and far acuity characteristics and although not explicitly mentioned until after the VE gave an answer, the third hypothetical also involved the "same near acuity and far acuity limitation" that did not change the VE's answer. A hypothetical question should include all those impairments established by the evidentiary record. *See Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995). It does not, however, need to include impairments that are speculative or lacking in evidentiary support. *See id.* Here, the VE relied on limitations found by the ALJ that were established in the record. *See Qualls v. Apfel,* 206 F.3d 1368, 1371-72 (10th Cir. 2000) ("The first contention is belied by the medical record, which does not show that the limitations in plaintiff's use of his hands included an inability to perform repetitive motions. Therefore, the ALJ did not err by failing to include this alleged limitation in his RFC assessment."); *see also United States v. Rodriquez-Aguirre,* 108 F.3d 1228, 1238 n.8 (10th Cir. 1997) (the burden is on the party alleging prejudice to cite to specific instances in the record and the court will not "sift through" the record to find support for a claimant's arguments).

## CONCLUSION AND ORDER

On appeal this court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax,* 489 F.3d at 1084. The court may not reweigh the evidence and must decline an invitation to do so. *See Madrid,* 447 F.3d at 790. The court declines Plaintiff's invitation to reweigh the evidence in this case. The court readily acknowledges that Mr. D has many limitations and medical conditions. However, the key question is whether those conditions met

the standard for disability before his last insured date on March 31, 2014. Perhaps today, Plaintiff would meet those conditions. Yet, on the record before the court, the court finds the Commissioner's decision is supported by substantial evidence and applied the correct legal standards.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 16 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge